**Hertz Commercial Leasing Corporation
v. Nissenbaum**

*Irvin D. Ellis*, for plaintiff.
*Martin L. Trichon*, for defendants.

KLEIN, C., *J.*, December 26, 1979—Defendants filed preliminary objections to plaintiff's complaint in assumpsit wherein plaintiff averred that defendants failed to pay rent for certain personal property leased to them by plaintiff pursuant to a written lease agreement. The breach of the agreement is alleged to have occurred October 1, 1976 and the complaint was filed October 5, 1979.

The new Judicial Code, July 9, 1976, P.L. 586, effective June 27, 1978, reduced the statute of limitations from six years to four years for an assumpsit action based on a contract for the furnishing of tangible personal property: 42 Pa.C.S.A. §5525(1). Section 25(a) of the Judiciary Act of July 9, 1976, P.L. 586, JA76, provides as follows:

"Section 25.  Effect of act on periods of limitation (a)  Civil actions and proceedings.—Any civil action or proceeding: (1)  the time heretofore limited by statute for the commencement of which is reduced by any provision of this act; and (2)  which is not fully barred by statute on the day prior to the effective date of this act; may be commenced within one year after the effective date of this act, or within the period heretofore limited by statute, whichever is less, notwithstanding any provisions

of Subchapter B of Chapter 55 of Title 42 (relating to civil actions and proceedings) or any other provision of this act providing a shorter limitation."

Defendants construe this language to mean that in the present case the limitation statute expired June 27, 1979, one year from the effective date of the Judicial Code, June 27, 1978. We do not agree. In the summary prepared by the Pennsylvania Bar Association's Special Committee on the Judicial Code (1979) pamphlet on Title 42 (Pennsylvania Consolidated Statutes Annotated) at pages IX and X, we find the following comment: "It should be noted that JA76 §25(a) . . . is a relief provision whose applicability is expressly limited to situations where the period of limitation under the Code is 'shorter' than that derived by application of §25(a)."

Since the code does not provide a shorter limitation than that derived by application of section 25(a), that section of the code is inapplicable to the facts in the instant case.

Counsel for plaintiff has indicated on his praecipe that oral argument is desired. We see no purpose to be served by oral argument and his request is therefore denied.

Accordingly, we enter the following

## ORDER

And now, December 26, 1979, it is hereby ordered and decreed that defendants' preliminary objections to plaintiff's complaint in assumpsit are dismissed. Defendants are allowed 20 days from the date of this order to file an answer to the complaint.